**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WILLIAM STUMP,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER ALVIN MATTHEWS, STAR NO. 8433, OFFICER DOE #2, OFFICER DOE #3, and the CITY OF CHICAGO,<br><br>    Defendants. | Honorable Judge Hibbler<br>Magistrate Judge Denlow<br><br>Case No. 08 cv 6112 |

**FIRST AMENDED COMPLAINT AT LAW**

NOW COMES the PLAINTIFF, by and through Horwitz, Richardson, & Baker LLC, and pursuant to this First Amended Complaint at Law, states the following against the above named Defendants, to wit OFFICER ALVIN MATTHEWS, STAR NO. 8433, OFFICER DOE #2 and OFFICER DOE #3 (hereinafter, the "DEFENDANT OFFICERS"), and the CITY OF CHICAGO.

**JURISDICTION**

1.    The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**PARTIES**

2.    PLAINTIFF is a resident of the State of Illinois and a citizen of the United States.

3.    The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

1

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**FACTS**

5. On or about July 13, 2008, the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF at or around 4211 N. Milwaukee Avenue, Chicago, Illinois. Specifically, some or all of the DEFENDANT OFFICERS manhandled the PLAINTIFF despite the fact that the PLAINTIFF had not resisted arrest, threatened the DEFENDANT OFFICERS, and was not a threat to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS handcuffed PLAINTIFF and arrested him for an outstanding arrest warrant, notwithstanding the fact that there was no outstanding arrest warrant for PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

6. On or about July 13, 2008, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

7. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

8. The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT

OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

9. On July 13, 2008, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

10. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

11. On or about July 13, 2008, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, within the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

12. Upon information and belief, OFFICER ALVIN MATTHEWS, STAR NO. 8433, on July 13, 2008, came into physical contact with PLAINTIFF.

13. Upon information and belief, OFFICER DOE #2, on July 13, 2008, came into physical contact with PLAINTIFF.

14. Upon information and belief, OFFICER DOE #3, on July 13, 2008, came into physical contact with PLAINTIFF.

### COUNT I
### §1983 Excessive Force

15. PLAINTIFF re-alleges paragraphs 1 – 14 as though fully set forth herein.

16. The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFF. This conduct violates the Fourth Amendment of the United States Constitution.

17. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II
## §1983 False Arrest

18. PLAINTIFF re-alleges paragraphs 1 – 14 as though fully set forth herein.

19. The DEFENDANT OFFICERS arrested and/or seized the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

20. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT III
### False Arrest –State Claim

21.  PLAINTIFF re-alleges paragraphs 1 – 14 as though fully set forth herein.

22.  The DEFENDANT OFFICERS arrested and/or seized the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity.  The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

23.  The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
### Battery –State Claim

24.  PLAINTIFF re-alleges paragraphs 1 – 14 as though fully set forth herein.

25.  The DEFENDANT OFFICERS struck the PLAINTIFF intentionally, without consent and without justification.

26.  The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

27.  The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs

against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT V
## Malicious Prosecution - State Claim

28. PLAINTIFF re-alleges paragraphs 1 – 14 as though fully set forth herein.

29. The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFF.

30. The DEFENDANT OFFICERS engaged in this effort without probable cause.

31. The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

32. The underlying criminal charges were resolved in a manner indicative of innocence.

33. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VI
## § 1983 Deliberate Indifference to Medical Needs

34. PLAINTIFF re-alleges paragraphs 1 – 14 as though fully set forth herein.

35. The actions of OFFICER DOE #1 were deliberately indifferent to the medical needs of the PLAINTIFF in that said OFFICER failed to provide PLAINTIFF with immediate medical attention after causing injury to PLAINTIFF.

36. Said OFFICER, instead of transporting PLAINTIFF for immediate medical treatment, collectively and/or individually, sought to cover-up the misconduct by processing PLAINTIFF as a criminal, instead of providing immediate medical treatment.

37. This conduct violated the Fourteenth Amendment to the United States Constitution.

38. The aforementioned actions of said OFFICER were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the OFFICER DOE #1. PLAINTIFF also demands punitive damages, costs and attorneys' fees against said OFFICER. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VII
## 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

39. PLAINTIFF re-alleges paragraphs 1 – 14 as though fully set forth herein.

40. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

41. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

## COUNT VIII
### Supplementary Claim for *Respondeat Superior*

42. PLAINTIFF re-alleges paragraphs 1 – 14 as though fully set forth herein.

43. The aforesaid acts of the DEFENDANT OFFICERS were within the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

44. Plaintiff demands trial by jury.

Respectfully submitted,

s/ Rachelle Sorg
Attorney for the Plaintiff

**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076

8